**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4657**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

TRAE JAVAR COMPTON,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cr-00090-TDS-1)

———————————

Submitted: August 10, 2012        Decided: August 28, 2012

———————————

Before KING, DAVIS, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trae Javar Compton appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), and his 120-month sentence. On appeal, counsel for Compton filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erroneously denied Compton's Fed. R. Crim. P. 29 motion for acquittal. Compton filed a pro se supplemental brief asserting that the district court lacked subject matter jurisdiction and that counsel was ineffective. The Government has declined to file a brief. We affirm.

This court reviews the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). The jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks, brackets and citations omitted). A comprehensive review of the record confirms that the Government presented sufficient evidence on each element of the offense to support the jury's verdict. We therefore affirm Compton's conviction.

We next review Compton's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United

2

States, 552 U.S. 38, 51 (2007). This requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated Compton's advisory Guidelines range, this court examines whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). We conclude that the district court's imposition of a within-Guidelines sentence was both procedurally and substantively reasonable. We therefore affirm Compton's sentence.

We further find Compton's challenge to the district court's jurisdiction to be without merit. To the extent that Compton challenges his counsel's effectiveness, the record does not conclusively establish any deficient performance and thus his claim is not cognizable on direct appeal. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

Pursuant to this court's obligations under Anders, we have reviewed the entire record in this case and find no meritorious issues. We therefore affirm the district court's judgment. This court requires that counsel inform Compton, in

3

writing, of the right to petition the Supreme Court of the United States for further review. If Compton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Compton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>